IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02818-GPG

RUSELBUSISINE QUAERY,

    Plaintiff,

v.

COLLEGIATE HOUSING SERVICES

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

This action was initiated by Ruselbusisine Quaery, who submitted a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) on December 31, 2015. The Application has been granted.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Plaintiff will be directed to file an Amended Complaint that complies with the Court's directives.

In the Complaint, Applicant appears to assert that Defendant Collegiate Housing Services has violated his rights under the Americans with Disabilities Act (ADA) because a representative of the company has placed him in a residence in Arvada, Colorado, that, due to his reliance on public transportation, is not conducive to his being able to work in

Arvada and to attend a culinary arts school in Boulder.  Plaintiff contends that he suffers from a traumatic brain injury (TBI); and due to the traveling back and forth from school to his job, he is only able to sleep 3-4 hours per day 4-5 days per week.  Because of his TBI Plaintiff asserts that chronic sleep deprivation is magnified.

Plaintiff further asserts that he has been promised to be moved closer to the school he is attending in Boulder, Colorado, but, since July 2015 until the present, Defendant's representative has not accommodated Plaintiff's request and as a result he has had to quit his job, is not able to pay his rent, and now is subject to a state eviction proceeding.

Plaintiff further complains that his Social Security disability benefits have been unlawfully reduced and will not be reinstated until January 2016.  Plaintiff requests that this Court order the Health and Human Services, either the Jefferson County Office or the Regional Office, to notify Social Security of his updated "QMB" status here in Colorado. He also requests that the Court issue an injunction against the eviction Defendant is seeking against him in state court.

The Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd* , 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Plaintiff fails to provide a short and plain statement of his claims showing that he is entitled to relief. The claims are repetitive, not stated in a clear and concise format, and do not assert proper jurisdiction for the basis of the claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8 and complies with the following directives.

First, Title II of the ADA provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. The Act defines a "public entity" as any State or local government, department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority. 42 U.S.C. § 12131(1); *see also Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007). To state a claim under Title

II, the plaintiff must allege that "(1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability."  *Robertson*, 500 F.3d at 1193.   Plaintiff does not assert that he is a qualified individual with a disability under ADA or that Defendant is a public entity as defined under the Act and as is applicable if filing a claim pursuant to Title II.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).   Title III applies to discrimination in public accommodations by private entities.   The only remedy for violation of Title III of the ADA is injunctive.   *See* 42 U.S.C. § 12188(a).

Furthermore, the eviction claim alone is subject to dismissal based on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971) (federal court should abstain from exercising jurisdiction over or interfering with ongoing state litigation).   The Court takes note that Plaintiff has an FED (Forcible Entry and Detainer) hearing in Case No. 2015C44734, scheduled in Jefferson County Court for January 7, 2016, at 9:30 a.m., which pertains to his eviction. *See* https://www.courts.state.co.us/Courts/County.

Finally, Plaintiff's request that the Court direct Health and Human Services to notify Social Security of his updated "QMB" status here in Colorado is without legal basis. Plaintiff does not assert the statutory authority for this Court to address this claim.

5

Plaintiff will be directed to file an amended complaint in accordance with the directives outlined above.   Plaintiff further is directed that in order to state a claim in federal court, he must explain what each defendant did to him, when the defendant did it, how the defendant's action harmed him, and what specific legal right he believes the defendant violated.   *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   Accordingly, it is

ORDERED that Plaintiff file, **within thirty days from the date of this Order**, an amended complaint that asserts proper claims and complies with Rule 8 of the Federal Rules of Civil Procedure.   It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved complaint form, along with the applicable instructions, at www.cod.uscourts.gov for use in filing the amended complaint.   It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an amended complaint that complies with this order the Complaint and the action will be dismissed without further notice.

DATED January 4, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge